Erick T. COOMES, an individual,
d/b/a E. Danger Music; et al.,
Plaintiffs—Appellees,

v.

Akbar SHAMJI, Defendant—Appellant.

No. 06–55411.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2007.*

Filed Dec. 26, 2007.

Allen Hyman, Esq., Law Offices of Allen
Hyman, North Hollywood, CA, Leonard

Korobkin, Esq., Leonard Korobkin Law
Offices, Beverly Hills, CA, for Plaintiffs–
Appellees.

Allen B. Grodsky, Esq., Grodsky &
Olecki, Santa Monica, CA, Robert S. Melo-
ni, Esq., Robert S. Meloni, P.C., New
York, NY, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW,
and IKUTA, Circuit Judges.

MEMORANDUM **

The district court did not err in holding
that Akbar Shamji was properly served
pursuant to Federal Rule of Civil Proce-
dure 4 and California Civil Procedure
Code section 415.20(b). The three previ-
ous service attempts constituted the requi-
site "reasonable diligence." *See, e.g., El-
lard v. Conway,* 94 Cal.App.4th 540, 114
Cal.Rptr.2d 399, 402 (2001). Bardic Rec-
ords was Shamji's business enterprise, and
thus the Bardic office where service was
delivered was Shamji's "usual place of
business." *See* Cal.Civ.Proc.Code § 415.20
judicial council's cmt. subdiv. b. The com-
plaint and summons were left with the
managing agent of Bardic Records who
was able to accept packages for, and deliv-
er packages to, Shamji, and was thus "ap-
parently in charge." *See Ellard,* 114 Cal.
Rptr.2d at 403.

Contrary to Shamji's assertion, the dis-
trict court did not rely on actual notice to
establish personal jurisdiction. The dis-
trict court did not err in finding that
Shamji had actual notice and deliberately

---

* The panel unanimously find this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

chose not to respond; thus his own culpable conduct was the cause of his default. The district court's factual findings are supported by the record and are not clearly erroneous. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988). In light of Shamji's culpable conduct, it is not necessary to consider whether he had any meritorious defenses. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 926 (9th Cir. 2004).

Shamji's default, which admits all well-pled allegations, coupled with the declarations submitted to the district court, support the relief granted in the judgment.

**AFFIRMED.**